■ MYRON ZUCKERMAN, Respondent, v SYDELL GOLDSTEIN et al., Appellants. [878 NYS2d 25]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered October 29, 2008, which granted reargument and adhered to the prior determination granting plaintiff's motion for summary judgment to the extent of dismissing the counterclaims of defendant Sam-Fay Realty Corp. accruing prior to October 17, 2002 and dismissing the counterclaims of the remaining defendants in their entirety, and denying defendants' cross motions for summary judgment, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered June 23, 2008, unanimously dismissed, without costs, as superseded by the appeal from the October 29, 2008 order.

The court correctly ruled that the counterclaims accruing prior to October 17, 2002 were barred by releases in paragraph 8 of the agreement of that date (2002 agreement). The parties' releases acknowledged that the distributions made in connection with the 2002 agreement were in full settlement of the disputes that existed between plaintiff and the individual defendants as shareholders in the four family corporations with respect to prior personal and/or business transactions that involved or affected the assets, liabilities and business of the corporations and/or the shareholders individually. The only

exclusion was "claims, if any, that are purely personal in nature and do not arise from the operations and business of the four corporations and do not arise from an individual's status as a shareholder of any one of the four [family] corporations." The court also properly rejected defendants' argument that their claims for breach of fiduciary duty and as beneficiaries of a family trust were personal in nature and thus not extinguished by the releases. The loans in connection with the purchase of the property in Maspeth, New York, the management agreement, the loan repayments, and the sale and distribution of the proceeds with respect to both the Maspeth and West 29th Street properties were all related to the business of four family corporations, and thus covered by the releases. We have considered defendants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Nardelli, Catterson and DeGrasse, JJ. [See 2008 NY Slip Op 32945(U).]